IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-21130
_____


GEORGE WEBSTER,

                                          Plaintiff-Appellant,

                         versus

BERT BELL/PETE ROZELLE NFL PLAYER
RETIREMENT PLAN; WILLIAM BIDWILL;
THOMAS CONDON; GENE UPSHAW;
TAYLOR SMITH; LEONARD TEEUWS;
JEFF VAN NOTE; EDDIE JONES; JAMES
KENSIL; DANIEL JIGGETTS; EDWARD
GARVEY; SARAH E. GUANT, formerly
known as Sarah E. Meizlik,

                                          Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas
(H-95-CV-3826)
_____
September 22, 1997

Before WISDOM, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    George Webster appeals the district court's order dismissing

on summary judgment his claim that the Retirement Board arbitrarily

and capriciously denied him past and future retirement and

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disability benefits under the Bert Bell NFL Player Retirement Plan (the "Plan").  Finding no abuse of discretion, the district court affirmed the Retirement Board's determination that Webster was totally disabled as a result of nonfootball related injuries and that, under the Plan, participants are entitled to "football" benefits only when the cause of total disability is such that, if the football related injury did not exist, the participant would not be totally disabled.  We review de novo the district court's holding whether the Retirement Board abused its discretion, but will set aside factual findings underlying the district court's review of the Board's determination only if clearly erroneous.  See Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 601 (5th Cir. 1994).

As the district court's well-reasoned opinion properly concludes, the Retirement Board did not abuse its discretion in denying Webster football benefits.  Webster's medical records contain ample evidence that he first became totally disabled as a result of throat cancer, as well as other nonfootball related injuries, and that they continued to plague him throughout the time he sought football benefits under the Plan.  Despite Webster's assertions to the contrary, the medical reports issued in 1992 and 1993 do not establish that he was totally disabled *solely* as a result of football related injuries.  Rather, the reports reveal

that, while the effects of Webster's football related injuries were enough to leave him totally disabled, the disabling effects of his nonfootball related injuries persisted. Thus, the Retirement Board did not abuse its discretion in finding that the initial and continuing cause of Webster's total disability was unrelated to football.

The district court also correctly determined that the Retirement Board's interpretation of the Plan did not constitute an abuse of discretion. Under the Plan, Webster was entitled to football benefits if his total disability "result[ed] from a football injury." The Board interpreted this provision to permit football benefits only if total disability would not exist but for the presence of football related injuries. This interpretation is entirely consistent with a fair and reasonable reading of the Plan and, therefore, not an abuse of discretion. See Pickrom v. Belger Cartage Serv., Inc., 57 F.3d 468, 471 (5th Cir. 1995). As the district court concluded, because substantial evidence indicated that Webster's nonfootball related injuries were totally disabling, he was not entitled to football benefits under the Board's reasonable interpretation of the Plan. Consequently, the judgment of the district court is, for the reasons assigned by that court,

A F F I R M E D.